IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WARREN FINNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-025 |
| | ) | |
| KAREN THOMAS; MS. HARVEY; and | ) | |
| ANNTOINETTE L. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a motion for a preliminary injunction. (Doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

In his three-page hand-written filing, Plaintiff seeks a preliminary injunction enjoining Defendants from contact, retaliation, communications, or any actions towards Plaintiff. (Doc. no. 4, p. 2.) Plaintiff further requests a temporary restraining order from Defendant Karen Thomas because she has written several disciplinary reports about him and placed him in segregation. (Id. at 1.) Finally, Plaintiff requests the Court stop Defendant Johnson from handling any of his paperwork because she will not process it since she is acting in concert with the other Defendants. (Id. at 3.) Plaintiff fears for his life in pursuit of this lawsuit. (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the

threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff's generalized allegations against Defendants fail to establish a substantial threat that he will suffer irreparable injury if the injunction is not granted. Plaintiff asks the Court to assume, without any evidence, that his allegations are truthful and punish all Defendants by prohibiting any contact with him. It is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). To interfere with the ability of Defendants in doing their basic jobs within the prison would be an unwarranted and unnecessary interference.

For these reasons, Plaintiff has failed to satisfy the required elements for obtaining the injunctive relief he seeks, and the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 4.)

SO REPORTED and RECOMMENDED this 27th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA