IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WARREN FINNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-025 |
| | ) | |
| KAREN THOMAS; MS. HARVEY; and | ) | |
| ANNTOINETTE L. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE COMPLAINT**

**A.    BACKGROUND**

Plaintiff names as Defendants: (1) Unit Manager Karen Thomas, (2) Correctional Officer Ms. Harvey, and (3) Chief Counselor Anntoinette L. Johnson. (Doc. no. 1, pp. 3-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In August 2022, Inmate David Portillo, a member of the Latin King gang, was housed with Plaintiff as a gang member matchup. (Id. at 7.) Plaintiff is falsely tagged as a Latin King gang member. (Id.) Plaintiff asked Defendant Thomas to move him to another cell because he is clearly African American and not of Latin descent, but Defendant Thomas refused. (Id.)

On August 25, 2022, Portillo stabbed Plaintiff in his right arm and hit Plaintiff in the face multiple times with a lock. (Id.) Plaintiff reported the injuries to Defendant Harvey, who observed Portillo holding a shank and the lock, and she stated, "I do not have time for this." (Id.) Defendant Harvey walked away and left Plaintiff in the cell with Portillo as he continued to torture Plaintiff. (Id.) No other officers were assigned to the night shift due to understaffing and no medical personnel were working in the medical department at the time. (Id.) First Shift Officer Underwood came around approximately one hour later for a pill-call when Plaintiff yelled for her, and she immediately went to his cell. (Id.) She took the shank and lock from Portillo, handcuffed them both, and removed them from the cell with no help. (Id.) Defendant Thomas did not go to the cell during the incident that evening but at some unidentified later point, wrote a false report stating she saw Plaintiff hit Portillo. (Id.) Defendant Thomas wrote the report "as a form of retaliation" and "an attempt [to] cover up" the issue. (Id.)

On August 26, 2022, Plaintiff wrote a grievance about the incident and submitted it to Defendant Johnson. (Id.) She did not give Plaintiff a grievance receipt and he never received a response. (Id.) Plaintiff asked Counselor McFadden about it three times, who told Plaintiff to talk with Defendant Johnson. (Id.) Plaintiff requests compensatory damages. (Id. at 6, 9.)

2

**B.    DISCUSSION**

1.    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendant Thomas

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

4

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence

5

or error in good faith.").

Plaintiff alleges Defendant Thomas should not have placed him in a cell with a Latin King gang member and when Plaintiff requested, she should have moved him to another cell. (Doc. no. 1, p. 7.) However, Plaintiff does not allege Defendant knew of any specific threats to Plaintiff or had advanced knowledge that Plaintiff would be attacked. Furthermore, Plaintiff does not provide any facts that Defendant Thomas knew Plaintiff was "falsely labeled" as a Latin King or knew Plaintiff would be injured in any way because of his race. There was no deliberate indifference here as Defendant was unaware of any substantial risk to Plaintiff. While Plaintiff mentions understaffing when discussing the attack, he fails to allege any facts suggesting any Defendant, including Defendant Thomas, had any involvement with determining staffing levels and budgets. Thus, Plaintiff fails to state a claim against Defendant Thomas.

### 3. Plaintiff Fails to State a Valid Retaliation Claim against Defendant Thomas

Plaintiff asserts Defendant Thomas wrote a false disciplinary report "as a form of retaliation" and as "an attempt [to] cover up" the issue. (Doc. no. 1, p. 7.) Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Plaintiff fails to state a viable retaliation claim as he fails to satisfy the elements listed in Farrow. First, Plaintiff does not describe what act of his triggered this alleged retaliation. Presumably, it was Plaintiff's complaint or grievance about his housing, the incident, or the alleged understaffing at the time of the incident. But filing a report is not an act that would deter a prisoner from filing a grievance or complaint. Nor does submitting a report constitute retaliation for Plaintiff's complaints or grievances. Instead, it is a response to a grievance or complaint. Merely because Defendant Thomas's report contains facts with which Plaintiff disagrees is not a form of retaliation. Further, Plaintiff provides no facts to describe what "issue" Defendant Thomas is supposedly trying to "cover up."

Overall, Plaintiff's claim of retaliation is entirely conclusory without any factual support and do not raise his allegations of retaliation beyond a speculative level. See Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*) (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above

7

speculative level) (citing Iqbal, 556 U.S. at 680).  Thus, Plaintiff fails to state a valid retaliation claim against Defendant Thomas.

### 4. Plaintiff Does Not State a Claim Based on Supervisory Liability against Defendant Johnson

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff does not mention Defendant Johnson anywhere in the statement of his claims, except to say that Plaintiff gave her a grievance, did not get a receipt, and never received a response.  (See generally doc. no. 1.)  The mere failure to respond to a complaint letter or grievance is insufficient to establish liability.  See Asad v. Crosby, 158 F. App'x 166,

170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because record failed to show they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with plaintiff's wishes concerning information in grievance and letter).

Plaintiff must also allege a causal connection between Defendant Johnson and an asserted constitutional violation but fails to do so. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not alleged a history of

9

relevant widespread abuse or a relevant and improper custom or policy as to the grievance procedures.

In sum, Plaintiff has not shown Defendant Johnson participated in any alleged constitutional violation, nor has he drawn the necessary causal connection to an alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted based on Defendant Johnson's supervisory position.

### 5. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing the above-captioned Defendants in their individual and official capacities. (Doc. no. 1, pp. 3-4.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fails as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Thomas and Johnson, as well as all official capacity claims for money damages against all Defendants, be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendant Harvey in her individual capacity based upon Plaintiff's allegations of failure to protect.

SO REPORTED and RECOMMENDED this 24th day of April, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA