IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WARREN FINNEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CV 323-025 |
| | ) |
| MS. HARVEY and SHARON LEWIS, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE AMENDED COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants: (1) Ms. Harvey and (2) Medical Director Sharon Lewis. (Doc. no. 41, pp. 1-2.) On August 25, 2022, Plaintiff was stabbed in his right arm and hit in the face multiple times with a lock by inmate David Portillo. (Id. at 6.) Plaintiff reported the injuries to Defendant Harvey, who observed Portillo holding a shank and the lock, and she stated, "I do not have time for this." (Id.) Defendant Harvey walked away and left Plaintiff in the cell with Portillo as he continued to torture Plaintiff for the next several hours. (Id.) No

other officers were assigned to the night shift due to understaffing and no medical personnel were working in the medical department at the time. (Id.) Medical personnel assigned to segregation arrive at 8:00 a.m. and leave at 4:00 p.m., so there are no medical personnel on standby during the night. (Id.) Defendant Sharon Lewis is the medical director of the Georgia Department of Corrections ("GDOC"), thus, she contracts with the agency that supplies medical personnel to staff TSP. (Id. at 7.)

The next morning, First Shift Officer Underwood came around with Nurse Epps for a pill-call around 8:30 a.m. and Plaintiff yelled for her to come help. (Id. at 6.) Officer Underwood took the shank and lock from Portillo, handcuffed them both, and removed them from the cell by herself. (Id.) Unit Manager Karen Thomas never came to the cell. (Id.) Thomas later, at some unidentified point, wrote a false report stating she saw Plaintiff hit Portillo to "cover up the incident because no medical is provided on night shift." (Id.) Plaintiff requests compensatory, nominal, and punitive damages. (Id. at 5.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

2

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Does Not State a Claim Based on Supervisory Liability against Defendant Lewis

Plaintiff fails to state a claim against Defendant Lewis by virtue of her supervisory position as medical director of the GDOC. "Supervisory officials are not liable under § 1983 for the

3

unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely alleges Defendant Lewis is the medical director of GDOC, thus, she is responsible for their operations and staffing the medical facility at TSP. (See generally doc. no. 41.) However, he does not allege Defendant Lewis participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendant Lewis and the asserted constitutional violations in order to hold the defendant liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

4

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendant Lewis liable. Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at TSP, (2) an improper custom or policy put in place by Defendant regarding treatment of inmates, or (3) an inference Defendant directed prison employees to act, or knew they would act, unlawfully. In sum, Plaintiff has not shown Defendant Lewis actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Lewis.

### 3. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendants Harvey and Lewis in their individual and official capacities. (Doc. no. 41, p. 2.) However, the Eleventh Amendment bars official capacity

5

claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against both Defendants for monetary relief fails as a matter of law.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Lewis as well as all official capacity claims for money damages against both Defendants be **DISMISSED** for failure to state a claim upon which relief may be granted.  By separate Order, the Court directs service of process for Plaintiff's amended complaint on Defendant Harvey in her individual capacity based upon Plaintiff's allegations of failure to protect.

SO REPORTED and RECOMMENDED this 14th day of November, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA